BOARD OF EDUCATION — NO AUTHORITY TO ACT AS LOCAL PUBLIC BODY OF NEIGHBORHOOD FACILITY A board of education of a school district in Oklahoma has no authority to act as the "local public body" of a "neighborhood facility" and vote bonds to finance one-third (1/3) the cost of such facility. Neither general fund money nor building fund money of a school district can be expended for such a facility. The Attorney General has had under consideration your request for an opinion wherein you ask: "1. Is it legal for the Board of Education to act as the local public body of a neighborhood facility and vote bonds to finance their 1/3 of the cost of the facility? "2. May general fund money be used for this facility? "3. May building fund money be used for this facility?" You enclosed with your letter a description of a "neighborhood facility" which in part reads: "Federal grants may be made for costs of developing a multipurpose facility to be used for neighborhood health, recreational, social, educational, and/or similar community service activities. Priority is to be given projects which will benefit low-income families. The amount of Federal grants may be two-thirds of eligible development costs, or three-fourths in redevelopment areas so designated by the Economic Development Agency. "The proposed facility must provide a wide range of services and activities needed in the low-income neighborhood. Examples of services and activities for which an assisted neighborhood facility could be used are: — Remedial and noncurricular education. — Employment, job training, and counseling services. — Health and vocational rehabilitation services. — Housing and Home Management Services. — Welfare services. — Volunteer community service programs. — Consumer information, education, and mutual aid. — Legal aid and information on the rights of the poor. — Recreation and other resident-participation activities. — Rehabilitation and relocation counseling services and other similar site office functions in connection with local urban renewal, code enforcement, and demolition programs. "Any local public body which possesses authority under State law to undertake a neighborhood facility project, or an Indian tribe may apply. "The local share of project costs may be provided by cash from non-Federal sources." Title 70 O.S. 4 [70-4] — 70 O.S. 22 [70-22] (1970), in part provides: "The board of education of each school district shall have power to . . . maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts . . . to purchase, construct or rent, and operate and maintain, classrooms, libraries, auditoriums, gymnasiums, stadia, recreation places and play grounds, teacherages, school bus garages, laboratories, administration buildings, and other schoolhouses and school buildings and to acquire sites and equipment therefor . . .to purchase necessary property, equipment, furniture and supplies necessary to maintain and operate an adequate school system . ." The powers of boards of education of school districts in Oklahoma are very broad so long as such powers are exercised pursuant to the needs of the school district regarding property necessary to maintain and operate an adequate school system. From the description of a "neighborhood facility" set out above it is evident such a structure would have many uses for the community but such uses would be only incidentally connected with the maintenance and operation of the school system. Members of boards of education in Oklahoma are public officers and as such have only such powers and authority as is granted them by law. We find no authority granted boards of education to build a structure which you have denominated a "neighborhood facility" and dedicated to the uses set out above for such a facility. For this reason, it is the opinion of the Attorney General all three of your questions must be answered in the negative. A board of education of a school district in Oklahoma has no authority to act as the "local public body" of a "neighborhood facility" and vote bonds to finance one-third (1/3) the cost of such facility. And further, neither general fund money nor building fund money of a school district can be expended for such a facility. (W. J. MONROE) ** SEE: OPINION NO. 71-103 (1971) **